UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-CR-00419-PMP-LRL |
| Plaintiff, | **ORDER** |
| vs. | |
| BRETT GIBBS, | |
| Defendants. | |

Having read and considered the attached Memorandum from Mitchell Oswald, Senior United States Probation Officer, dated January 31, 2012,

**IT IS ORDERED** that Defendant Gibbs' letter request of January 10, 2012 for modification of travel restrictions (Doc. #18) is **DENIED**.

DATED: February 8, 2012.

_____
PHILIP M. PRO
United States District Judge

UNITED STATES GOVERNMENT

*MEMORANDUM*

DATE: January 31, 2012

FROM: Mitchell Oswald, Senior United States Probation Officer

TO: Hon. Phillip Pro, United States District Judge

RE: Gibbs, Brett Case No. 2:09-CR-419-PMP-LRL

---

Your Honor,

As requested, I have reviewed the motion filed by Mr. Gibbs regarding his request for travel. At this time, the defendant is being supervised in the Southern District of Florida. Contact was made with the supervising officer who verified the defendants current compliance with the terms of his supervision, however he stressed that probation could not adequately supervise the defendant should he be permitted to travel at will without prior approval of the probation office. The policies of the Southern District of Florida are identical to those in the district of Nevada, requiring two weeks notice for a travel request outside the district, and six weeks notice for international travel.

It is of note that the defendant currently owes a restitution obligation, and was convicted of bank fraud, which involved a conspiracy of falsifying loan documents. This is particularly relevant given that the defendant states he wishes to have unrestricted travel to engage in business activities. Allowing this travel would render the probation office completely unable to adequately supervise the defendant and eliminate the opportunity to address any third-party risk issues that may be occasioned by the defendant's criminal history. Additionally, travel outside the United States requires extensive investigation, given extradition and visa issues.

While the probation office is not unsympathetic to the inconvenience this may present to the defendant, and consents that he has to this point been compliant, our primary responsibility must be the protection of the community, and adequate supervision of the defendant requires the probation officer to be well informed of his whereabouts and activities, so they may be verified. The probation office strongly opposes the granting of the defendant's motion.

Respectfully Submitted,

*Mitchell Oswald*
Mitchell E. Oswald
Senior U.S. Probation Officer